a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHANNON BOUDREAUX, Plaintiff | CIVIL ACTION NO. 1:16-CV-863-P |
| VERSUS | CHIEF JUDGE DRELL |
| CONCORDIA PARISH CORRECTIONAL, ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by pro se Plaintiff Shannon Boudreaux ("Boudreaux") (#293047). Boudreaux is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana. Boudreaux claims that his rights were violated by 19 defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Boudreaux filed a complaint, three amended complaints, and numerous documents purportedly in support of his claim. His pleadings are generally rambling and unintelligible. Boudreaux complains that, prior to his incarceration, he was robbed of his S.S.I. benefits by various Jeff Davis Parish officers, U.S. military personnel, and Cardinal Wireline Service. (Doc. 18-1, p. 2). Boudreaux claims that a

member of the military was hiding in the bed of his truck while Boudreaux was driving down the street. (Doc. 18-1, p. 4). At some point, Boudreaux hid under his truck, where Defendants threatened to shoot him and "left [Boudreaux] for dead" after committing the robbery. (Doc. 18-1, p. 4).

Boudreaux also complains that he was injected with an unidentified substance in 2015 (Doc. 18-1, p. 1); inmates take photos of him using cell phones (Doc. 6-2, p. 4); and he is the victim of identity theft (Doc. 10-1, p. 1).

Boudreaux seeks monetary damages and asks that the Court send F.B.I. officials to meet with Boudreaux. (Doc. 6, p. 4; Doc. 18-1, p. 5).

## II. Law and Analysis

### A. Preliminary screening.

Boudreaux is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Boudreaux's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915A and § 1915(e)(2)(B) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Boudreaux's complaint is frivolous.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). A complaint lacks an arguable basis in fact when "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." Denton v. Hernandez, 504 U.S. 25, 33 (1992) (citations and internal quotations omitted); see also Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33; see also Neitzke, 490 U.S. at 327 (describing the "unusual power to pierce the veil of the complaint's factual allegations").

Boudreaux's claim that military personnel, local law enforcement officials, and Cardinal Wireline Services robbed him at gunpoint of his "back time S.S.I. disability payment" is wholly incredible. (Doc. 18-1, pp. 1-2). See Denton, 504 U.S. at 33.

Boudreaux's vague and rambling claims that he was injected with an unidentified substance (Doc. 18-1, p. 4), that inmates take photos of him using cell phones (Doc. 6-2, p. 4), and that he is a victim of identity theft (Doc. 10-1, p. 1) are also frivolous. See Mayfield v. Collins, 918 F.2d 560 (5th Cir. 1990) (*in forma pauperis* complaint may be dismissed for frivolity where it is vague and unintelligible).

3

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Boudreaux's complaint be DENIED and DISMISSED with prejudice as frivolous under § 1915(e)(2)(B) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of October, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge